# EXHIBIT A

Filing # 89765593 E-Filed 05/20/2019 10:24:30 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>MARIE Y RAVIX</u>
Plaintiff
        vs.
<u>ADAMS AND ASSOCIATES, INC, ADAMS AND ASSOCIATES OF NEVADA, INC.</u>
Defendant

---

II.     **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.   **REMEDIES SOUGHT** (check all that apply):
☒   Monetary;
☒   Non-monetary declaratory or injunctive relief;
☐   Punitive

IV.   **NUMBER OF CAUSES OF ACTION:** (    )
(Specify)

<u>9</u>

V.   **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐   Yes
☒   No

VI.   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒   No
☐   Yes – If "yes" list all related cases by name, case number and court:

VII.   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒   Yes
☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Jason S Remer</u>      FL Bar No.: <u>165580</u>
    Attorney or party                                      (Bar number, if attorney)

    <u>Jason S Remer 05/20/2019</u>
         (Type or print name)                              Date

Filing # 89765593 E-Filed 05/20/2019 10:24:30 AM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: _____

MARIE Y. RAVIX,

       Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

       Defendants,

_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARIE Y. RAVIX ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, ADAMS AND ASSOCIATES, INC. and ADAMS AND ASSOCIATES OF NEVADA, INC. (collectively "Defendants"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs for damages under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injury done to Plaintiff by the Defendants discriminatory treatment based on Plaintiff's national origin, gender, and religion. And for unpaid wages and damages under the Equal Pay Act Of 1963, 29 U.S.C. § 206, *et seq.* ("EPA")

2. Plaintiff continues to be, a resident of Miami Dade, Florida.

3. Plaintiff was an employee of Defendants in Miami-Dade County, Florida.

4. Defendants were "persons" and/or "employers" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the "FCRA".

5. Defendants are "persons" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. At all times material, hereto Defendants were "employers" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

8. Plaintiff is a female individual of Haitian national origin and Baptist/Christian religion and a member of a class of persons protected from discrimination in her employment under Title VII and the FCRA.

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 12, 2018, claiming national origin, gender and religion discrimination. *See* Exhibit A.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff has been employed by Defendant since on or about 2001.

12. Plaintiff is a female individual of Haitian Origin and of Baptist/Christian religion and is employed by Defendants as a Residential Advisor.

13. Throughout Plaintiff's employment, Plaintiff performed her duties in an exemplary manner or above satisfactory levels.

14. Plaintiff is subjected to discriminatory treatment by and through, Manager, Johnson Bernard (American) ("Johnson"), not limited to the following:

    A) Since the beginning of her employment, Plaintiff had Sundays off due to religious reasons approved per Defendant's Director, Marie Geoghegan. On or about November 1, 2017, the new manager, Johnson re-interviewed Plaintiff, where she made him aware of her Sunday's off. Plaintiff was later scheduled on Sundays and not allowed to switch shifts with other employees.

    B) Another employee, Austin (American) (Christian) (male), also requested Sunday's off and Johnson approved of this. Further, Austin has the same position, job duties and experience as Plaintiff but is paid more than Plaintiff is.

15. On several occasions, Plaintiff made complaints about this to Marie through email, where her complaints were never addressed.

16. On or about October 12, 2018, Plaintiff individually filed a charge of discrimination with the EEOC.

17. Following this charge, Plaintiff was retaliated against in the workplace. Johnson began to give Plaintiff the night shifts, had her drive longer distances, gave her low scores on evaluations, and gave her multiple write-ups for petty reasons.

18. On about November 2018, everyone at the company received a raise in pay, except for Plaintiff.

19. Plaintiff complained to Johnson and tried to set a meeting up with Marie. Before being able to do so, Marie's assistant gave Plaintiff the run around and tried to set Plaintiff up with a telephonic meeting.

20. Plaintiff refused the telephonic meeting and rather set up a face-to-face meeting with Marie.

21. Marie's Assistant set it up, however, she continued to postpone it the meeting and till this day Marie and Plaintiff have not been able to speak.

22. On or about, February 4, 2019, Plaintiff decided to apply for the position of Senior Residential Advisor, which allowed her to have Sundays and Mondays off.

23. Following her application, the Defendant hired someone else for the position and Plaintiff was not given any reason as to why she was not chosen for the position.

24. Plaintiff continues to be given the night shift, be told to drive long distances, given poor evaluations, and given write-ups for petty reasons.

25. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
*Discrimination in Compensation*
*Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.*

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

27. Plaintiff belongs to a protected class; she is female.

28. Plaintiff's job functions as a Residential Advisor with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male Residential Advisors, and they were performed under the same or similar working conditions.

29. During all relevant periods, Plaintiff received wages lower than most if not all, of

Defendant's male Residential Advisors wages while performing the same or substantially more work than her male co-workers did.

30. Plaintiff was qualified for and entitled to wages equal to or higher than her male co-workers' wages performing the same or substantially more work than her male co-workers.

31. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation of Title VII against*
### *ADAMS AND ASSOCIATES, INC.*
### *and ADAMS AND ASSOCIATES OF NEVADA, INC.*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

33. Plaintiff is a member of a protected class under Title VII.

34. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

35. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

36. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

37. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

38. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

39. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

40. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

41. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

42. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully,

intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### Gender Discrimination in Violation of Title VII against *ADAMS AND ASSOCIATES, INC.* and *ADAMS AND ASSOCIATES OF NEVADA, INC.*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

44. Plaintiff is a member of a protected class under Title VII.

45. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

46. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

47. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the

basis of gender was unlawful but acted in reckless disregard of the law.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

49. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

52. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

    a.   Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT IV</u>
*Discrimination Based on Religion in Violation of Title VII against*
*ADAMS AND ASSOCIATES, INC.*
*and ADAMS AND ASSOCIATES OF NEVADA, INC.*

64. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-23 of this complaint as if set out in full herein.

65. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

66. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's religion, Baptist/Christian.

67. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Baptist/Christian employees were allowed better work opportunities by not being subjected to unfair treatment.

68. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

69. The Plaintiff was qualified for the position apart from her apparent religion.

70. The Plaintiff was discriminated against by her supervisor because she was Baptist/Christian.

71. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

72. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

73. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her religion in violation of Act with respect to its decision to treat Plaintiff different from other employees.

74. Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Baptist/Christian, in violation of the Act.

75. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered

serious economic losses as well as mental pain and suffering.

76. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's religion.

77. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their religion. The discrimination on the basis of religion constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her religion.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT V
*Retaliation in Violation of Title VII against*
*ADAMS AND ASSOCIATES, INC.*
*and ADAMS AND ASSOCIATES OF NEVADA, INC.*

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

79. Plaintiff is a member of a protected class under Title VII.

80. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

81. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

82. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

83. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

84. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

85. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated Title VII, and have done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT VI</u>
*DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT against*
*ADAMS AND ASSOCIATES, INC.*
*and ADAMS AND ASSOCIATES OF NEVADA, INC.*

86. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

87. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act ("FCRA") of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to

compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

88. The applicable statute, "FCRA", prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

89. The Plaintiff is of Haitian National Origin and she possessed the requisite qualifications and skills to perform this position with Defendant.

90. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

91. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

92. Plaintiff was qualified for this position with Defendant.

93. Defendant violated the Florida Civil Rights Act of 1992 ("FCRA") by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

94. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of national origin.

95. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the "FRCA".

## COUNT VII
### DISCRIMINATION BASED ON SEX/GENDER IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

96. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

97. At all times material hereto, Defendants failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex/gender.

98. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex/gender.

99. The Plaintiff is female and former employee of Defendants and she possessed the requisite qualifications and skills to perform his position with Defendants.

100.    While employed with Defendants, Plaintiff was subjected to discrimination and harassment based on her gender.

101.    As a direct and proximate result of the Defendants unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

102.    Moreover, as a further result of the Defendants unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

103.    Plaintiff was qualified for her position with Defendants.

104.    Defendants violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

105.    The Defendants's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

106.    The aforementioned actions of Defendants were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants; find that the Defendants indeed violated the FRCA, and in addition, order the following additional relief:

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANTS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.   Order DEFENDANTS to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.   For a money judgment representing prejudgment interest;

H.   Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.   Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.   Grant PLAINTIFF a trial by jury; and

K.   Grant such other and further relief as the Court deems just and proper.

## COUNT VIII
### RELIGION DISCRIMINATION IN VIOLATION OF THE FCRA

107.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

108.   Plaintiff is a member of a protected class under the FCRA.

109.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to animosity based on her Baptist/Christian background.

110.   Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Baptist/Christian.

111.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his religion was unlawful but acted in reckless disregard of the law.

112.   At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

113.   Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

114.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

115.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

116.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

117.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
*Retaliation in Violation of the FCRA against*
*ADAMS AND ASSOCIATES, INC.*
*and ADAMS AND ASSOCIATES OF NEVADA, INC.*

118.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

119.    Plaintiff is a member of a protected class under the FCRA.

120.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

121.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's gender, national origin and religion was unlawful but acted in reckless disregard of the law.

122.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

123.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

124.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

   A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   C.  Require Defendant to place  Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

   D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____5 - 15 - 19_____

Respectfully submitted,

_____
Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com


REMER & GEORGES-PIERRE, PLLC
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 510-2018-06804 |

| Florida Commission On Human Relations | and EEOC |
|---|---|

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Marie Renix | (786) 463-0010 | 1958 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1691 Ne 180th Street, North Miami Beach, FL 33162 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ADAMS AND ASSOCIATES INC | 500 or More | (305) 620-3112 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3056 Nw 183th Street, Miami Gardens, FL 33056 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-01-2017   Latest: 10-12-2018

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified Baptist Female Haitian individual. I have worked for the Respondent since they took over managing my workplace in November 2017. During my employment, I have been subjected to discrimination based upon my religion, sex, and national origin. I have requested a religious accommodation, but my manager, Johnson Bernard, refused to consider this request, despite a lack of hardship. The Respondent granted a religious accommodation for Sunday off, in order to worship, for a similarly situated Male American co-worker. I spoke and emailed my manager and other members of management about my previous request and the disparate treatment that I was being subjected to. I also provided my manager with another individual who was willing to cover my shift. On September 28, 2018 my manager again denied my request.

I believe that I am being discriminated against based upon my religion, sex, and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Oct 12, 2018 | Date | _(signature)_ Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Filing # 89812407 E-Filed 05/20/2019 04:26:14 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-015110-CA-01

MARIE Y. RAVIX

       Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

       Defendants,

_____/

## SUMMONS IN A CIVIL CASE

TO:  ADAMS AND ASSOCIATES, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK
_____

                             DATE

(BY) DEPUTY CLERK
_____

Filing # 89812407 E-Filed 05/20/2019 04:26:14 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-01510-CA-01

MARIE Y. RAVIX

      Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

      Defendants,

_____/

### SUMMONS IN A CIVIL CASE

**TO:** ADAMS AND ASSOCIATES OF NEVADA, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

                              DATE

_____
(BY) DEPUTY CLERK

Filing # 89812407 E-Filed 05/20/2019 04:26:14 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-015110-CA-01

MARIE Y. RAVIX

     Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

     Defendants,

_____/

## SUMMONS IN A CIVIL CASE

**TO:** ADAMS AND ASSOCIATES, INC., through its Registered Agent

        CT CORPORATION SYSTEM
        1200 SOUTH PINE ISLAND RD
        PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE 5/21/2019

Filing # 89812407 E-Filed 05/20/2019 04:26:14 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-01510-CA-01

MARIE Y. RAVIX

     Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

     Defendants,

_____/

## SUMMONS IN A CIVIL CASE

**TO:** ADAMS AND ASSOCIATES OF NEVADA, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND RD
PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE 5/21/2019

Filing # 98184217 E-Filed 10/31/2019 01:54:02 PM

## <u>RETURN OF NON-SERVICE</u>

State of Florida          County of MIAMI DADE         Circuit Court

2019 - 015110

Case Number: ~~2019-01540-CA-01~~

PPJ2019004641

Plaintiff:
MARIE Y. RAVIX

vs.

Defendant:
ADAMS AND ASSOCIATES, INC. A FOREIGN PROFIT CORPORATION AND ADANS
AND ASSOCIATES OF NEVADA, INC.

For:
JASON REMER
Remer & Georges-Pierre, Pllc.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by Prestige Process on the 28th day of October, 2019 at 10:45 pm to be served on ADAMS AND ASSOCAITES OF
NEVADA INC., THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD,
PLANTATION, FL 33324.

I, Juan Rodríguez, do hereby affirm that on the 29th day of October, 2019 at 10:45 pm, I:

NON-SERVED the SUMMONS AND COMPLAINT for the reason that I failed to find ADAMS AND ASSOCAITES OF
NEVADA INC., THORUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM or any information to allow further
search.  Read the comments below for further details.

Additional Information pertaining to this Service:
SUMMONS IS PAST THE 120 DAYS

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good
standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing
document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

Juan Rodríguez
CPS # 2354

Prestige Process
P.O Box 613634
Miami, FL 33261
(305) 490-4346

Our Job Serial Number: PPJ-2019004641

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

Filing # 89812407 E-Filed 05/20/2019 04:26:14 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-01510-CA-01

MARIE Y. RAVIX

      Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

      Defendants,

_____/

## SUMMONS IN A CIVIL CASE

TO:  ADAMS AND ASSOCIATES OF NEVADA, INC., through its Registered Agent

      CT CORPORATION SYSTEM
      1200 SOUTH PINE ISLAND RD
      PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within <u>20 days</u> after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE 5/21/2019

Filing # 98184217 E-Filed 10/31/2019 01:54:02 PM

## RETURN OF NON-SERVICE

State of Florida                          County of MIAMI DADE                          Circuit Court

2019 - 015110

Case Number: ~~2019-01510-CA-01~~

Plaintiff:
MARIE Y. RAVIX

vs.

Defendant:
ADAMS AND ASSOCIATES, INC. A FOREIGN PROFIT CORPORATION AND ADANS
AND ASSOCIATES OF NEVADA, INC.

PPJ2019004640

For:
JASON REMER
Remer & Georges-Pierre, Pllc.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by Prestige Process on the 28th day of October, 2019 at 10:45 pm to be served on ADAMS AND ASSOCAITES, INC., THORUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

I, Juan Rodriguez, do hereby affirm that on the 29th day of October, 2019 at 10:45 pm, I:

NON-SERVED the SUMMONS AND COMPLAINT for the reason that I failed to find ADAMS AND ASSOCAITES, INC., THORUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM or any information to allow further search.  Read the comments below for further details.

Additional Information pertaining to this Service:
SUMMONS IS PAST THE 120 DAYS

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

Juan Rodriguez
CPS # 2354

Prestige Process
P.O Box 613634
Miami, FL 33261
(305) 490-4346

Our Job Serial Number: PPJ-2019004640

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

Filing # 89812407 E-Filed 05/20/2019 04:26:14 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-015110-CA-01

MARIE Y. RAVIX

     Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

     Defendants,

                             /

## SUMMONS IN A CIVIL CASE

TO:  ADAMS AND ASSOCIATES, INC., through its Registered Agent

               CT CORPORATION SYSTEM
               1200 SOUTH PINE ISLAND RD
               PLANTATION, FL 33324

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

               JASON S. REMER, ESQ.
               REMER & GEORGES-PIERRE, PLLC.
               44 WEST FLAGLER STREET
               SUITE 2200
               MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

DATE 5/21/2019

Filing # 98355208 E-Filed 11/04/2019 05:30:25 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

MARIE Y. RAVIX,

      Plaintiff,                CASE No.: 2019-015110-CA-01

v.

ADAMS AND ASSOCIATES, INC.
A Foreign Profit Corporation and
ADAMS AND ASSOCIATES OF NEVADA, INC.

      Defendant.

_____/

## ALIAS SUMMONS IN A CIVIL CASE

TO: ADAMS AND ASSOCIATES, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

YOU ARE HEREBY SUMMONED and Required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQUIRE
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FLORIDA 33130

an answer to the AMENDED complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on _____, 2019

_____
CLERK

_____
(BY) DEPUTY CLERK

Filing # 98355208 E-Filed 11/04/2019 05:30:25 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

MARIE Y. RAVIX,

      Plaintiff,               CASE No.: 2019-015110-CA-01

v.

ADAMS AND ASSOCIATES, INC.
A Foreign Profit Corporation and
ADAMS AND ASSOCIATES OF NEVADA, INC.

      Defendant.
_____/

### ALIAS SUMMONS IN A CIVIL CASE

TO: ADAMS AND ASSOCIATES OF NEVADA, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

YOU ARE HEREBY SUMMONED and Required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQUIRE
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FLORIDA 33130

an answer to the AMENDED complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on _____, 2019

_____
CLERK

_____
(BY) DEPUTY CLERK

Filing # 98355208 E-Filed 11/04/2019 05:30:25 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

MARIE Y. RAVIX,

     Plaintiff,          CASE No.: 2019-015110-CA-01

v.

ADAMS AND ASSOCIATES, INC.
A Foreign Profit Corporation and
ADAMS AND ASSOCIATES OF NEVADA, INC.

     Defendant.

_____/

## ALIAS SUMMONS IN A CIVIL CASE

TO: ADAMS AND ASSOCIATES OF NEVADA, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

YOU ARE HEREBY SUMMONED and Required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQUIRE
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FLORIDA 33130

an answer to the AMENDED complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on 11/5/2019 _____, 2019
  Harvey Ruvin,
  Clerk of Courts

_____

CLERK

_____
(BY) DEPUTY CLERK

Filing # 98355208 E-Filed 11/04/2019 05:30:25 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

MARIE Y. RAVIX,

      Plaintiff,              CASE No.: 2019-015110-CA-01

v.

ADAMS AND ASSOCIATES, INC.
A Foreign Profit Corporation and
ADAMS AND ASSOCIATES OF NEVADA, INC.

      Defendant.

_____/

## ALIAS SUMMONS IN A CIVIL CASE

TO: ADAMS AND ASSOCIATES, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

YOU ARE HEREBY SUMMONED and Required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQUIRE
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FLORIDA 33130

an answer to the AMENDED complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on ____11/5/2019____, 2019

    Harvey Ruvin,
    Clerk of Courts

CLERK
_____

(BY) DEPUTY CLERK

Filing # 98355208 E-Filed 11/04/2019 05:30:25 PM

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO.: 2019-015110-CA-01

MARIE Y. RAVIX,

      Plaintiff,

vs.

ADAMS AND ASSOCIATES, INC.
a Foreign Profit Corporation
and ADAMS AND ASSOCIATES OF NEVADA, INC.

      Defendants,
_____/

## AMENDED COMPLAINT

COMES NOW, the Plaintiff, MARIE Y. RAVIX ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, ADAMS AND ASSOCIATES, INC. and ADAMS AND ASSOCIATES OF NEVADA, INC. (collectively "Defendants"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs for damages under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"); the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injury done to Plaintiff by the Defendants discriminatory treatment based on Plaintiff's national origin, gender, and religion. And for unpaid wages and damages under the Equal Pay Act Of 1963, 29 U.S.C. § 206, *et seq.* ("EPA")

2. Plaintiff continues to be, a resident of Miami Dade, Florida.

3. Plaintiff was an employee of Defendants in Miami-Dade County, Florida.

4. Defendants were "persons" and/or "employers" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.*, since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the "FCRA".

5. Defendants are "persons" within the purview of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

6. At all times material, hereto Defendants were "employers" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760.01, et seq.*

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

8. Plaintiff is a female individual of Haitian national origin and Baptist/Christian religion and a member of a class of persons protected from discrimination in her employment under Title VII and the FCRA.

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 12, 2018, claiming national origin, gender and religion discrimination. *See* Exhibit A.

10. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. Plaintiff has been employed by Defendant since on or about 2001.

12. Plaintiff is a female individual of Haitian Origin and of Baptist/Christian religion and is employed by Defendants as a Residential Advisor.

13. Throughout Plaintiff's employment, Plaintiff performed her duties in an exemplary manner or above satisfactory levels.

14. Plaintiff is subjected to discriminatory treatment by and through, Manager, Johnson Bernard (American) ("Johnson"), not limited to the following:

    A) Since the beginning of her employment, Plaintiff had Sundays off due to religious reasons approved per Defendant's Director, Mary Geoghegan. On or about November 1, 2017, the new manager, Gregg re-interviewed Plaintiff, where she made him aware of her Sunday's off. Plaintiff was later scheduled on Sundays and not allowed to switch shifts with other employees.

    B) Another employee, Austin (American) (Christian) (male), also requested Sunday's off and Gregg approved of this. Further, Austin has the same position, job duties and experience as Plaintiff but is paid more than Plaintiff is.

15. On several occasions, Plaintiff made complaints about this to Mary through email, where her complaints were never addressed.

16. On or about October 12, 2018, Plaintiff individually filed a charge of discrimination with the EEOC.

17. Following this charge, Plaintiff was retaliated against in the workplace. Gregg began to give Plaintiff the night shifts, had her drive longer distances, gave her low scores on evaluations, and gave her multiple write-ups for petty reasons.

18. On or about November 2018, everyone at the company received a raise in pay, except for Plaintiff.

19. Plaintiff complained to Johnson and tried to set a meeting up with Mary. Before being able to do so, Marie's assistant gave Plaintiff the run around and tried to set Plaintiff up with a telephonic meeting.

20. Plaintiff refused the telephonic meeting and rather set up a face-to-face meeting with Marie.

21. Marie's Assistant set it up, however, she continued to postpone it the meeting and till this day Marie and Plaintiff have not been able to speak.

22. On or about, February 4, 2019, Plaintiff decided to apply for the position of Senior Residential Advisor, which allowed her to have Sundays and Mondays off.

23. Following her application, the Defendant hired someone else for the position and Plaintiff was not given any reason as to why she was not chosen for the position.

24. Plaintiff continues to be given the night shift, be told to drive long distances, given poor evaluations, and given write-ups for petty reasons.

25. Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected.

## COUNT I
### Discrimination in Compensation
### Equal Pay Act of 1963, 29 U.S.C. § 206, et seq.

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this complaint as if set out in full herein.

27. Plaintiff belongs to a protected class; she is female.

28. Plaintiff's job functions as a Residential Advisor with Defendant were and are of equal skill, effort, and responsibility as the job functions of Defendant's male Residential Advisors, and they were performed under the same or similar working conditions.

29. During all relevant periods, Plaintiff received wages lower than most if not all, of

Defendant's male Residential Advisors wages while performing the same or substantially more work than her male co-workers did.

30. Plaintiff was qualified for and entitled to wages equal to or higher than her male co-workers' wages performing the same or substantially more work than her male co-workers.

31. Defendant violated the EPA and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated the EPA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

    B.  Award Plaintiff actual damages in the amount shown to be due, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
***National Origin Discrimination in Violation of Title VII against***
***ADAMS AND ASSOCIATES, INC.***
***and ADAMS AND ASSOCIATES OF NEVADA, INC.***

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

33. Plaintiff is a member of a protected class under Title VII.

34. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

35. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

36. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

37. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

38. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

39. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

40. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

41. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

42. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated Title VII, and has done so willfully,

intentionally, and with reckless disregard for Plaintiffs' rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Gender Discrimination in Violation of Title VII against*
*ADAMS AND ASSOCIATES, INC.*
*and ADAMS AND ASSOCIATES OF NEVADA, INC.*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

44. Plaintiff is a member of a protected class under Title VII.

45. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to gender-based animosity.

46. Such discrimination was based upon the Plaintiff's gender in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is female.

47. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the

basis of gender was unlawful but acted in reckless disregard of the law.

48. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

49. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

50. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

51. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

52. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

53. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

    a.    Adjudge and decree that Defendant has violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Discrimination Based on Religion in Violation of Title VII against*
### *ADAMS AND ASSOCIATES, INC.*
### *and ADAMS AND ASSOCIATES OF NEVADA, INC.*

64. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1-23 of this complaint as if set out in full herein.

65. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of

employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

66. Defendant's decision to discriminate against Plaintiff was because of Plaintiff's religion, Baptist/Christian.

67. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-Baptist/Christian employees were allowed better work opportunities by not being subjected to unfair treatment.

68. At the time of this treatment from employment, the Plaintiff did perform and excel at the performance of the essential functions assigned to her by Defendant.

69. The Plaintiff was qualified for the position apart from her apparent religion.

70. The Plaintiff was discriminated against by her supervisor because she was Baptist/Christian.

71. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

72. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

73. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her religion in violation of Act with respect to its decision to treat Plaintiff different from other employees.

74. Plaintiff was harmed by Defendant and Plaintiff's treatment explained herein was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Baptist/Christian, in violation of the Act.

75. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered

serious economic losses as well as mental pain and suffering.

76. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's religion.

77. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their religion. The discrimination on the basis of religion constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of religion.

B. Reinstate Plaintiff to the same position she held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to her religion.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

**COUNT V**
*Retaliation in Violation of Title VII against*
*ADAMS AND ASSOCIATES, INC.*
*and ADAMS AND ASSOCIATES OF NEVADA, INC.*

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

79. Plaintiff is a member of a protected class under Title VII.

80. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under Title VII.

81. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

82. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

83. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

84. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

85. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated Title VII, and have done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT VI</u>
*DISCRIMINATION BASED ON NATIONAL ORIGIN IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT against*
*ADAMS AND ASSOCIATES, INC.*
*and ADAMS AND ASSOCIATES OF NEVADA, INC.*

86. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

87. At all time material hereto, Defendant failed to comply with the Florida Civil Rights Act ("FCRA") of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to

compensation, terms, conditions, or privileges of employment, because of such individuals race, color, or national origin.

88. The applicable statute, "FCRA", prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon national origin considerations or reasons.

89. The Plaintiff is of Haitian National Origin and she possessed the requisite qualifications and skills to perform this position with Defendant.

90. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

91. Moreover, as a further result of the Defendant unlawful national origin based discriminatory conduct, the Plaintiff has been compelled to file this action and he has incurred the costs of litigation.

92. Plaintiff was qualified for this position with Defendant.

93. Defendant violated the Florida Civil Rights Act of 1992 ("FCRA") by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of employment.

94. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of national origin.

95. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the "FRCA".

<u>COUNT VII</u>
### *DISCRIMINATION BASED ON SEX/GENDER IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT*

96. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 25 of this Complaint as if set out in full herein.

97. At all times material hereto, Defendants failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex/gender.

98. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex/gender.

99. The Plaintiff is female and former employee of Defendants and she possessed the requisite qualifications and skills to perform his position with Defendants.

100. While employed with Defendants, Plaintiff was subjected to discrimination and harassment based on her gender.

101. As a direct and proximate result of the Defendants unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

102. Moreover, as a further result of the Defendants unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

103.   Plaintiff was qualified for her position with Defendants.

104.   Defendants violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

105.   The Defendants's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

106.   The aforementioned actions of Defendants were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants; find that the Defendants indeed violated the FRCA, and in addition, order the following additional relief:

A.   Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.   Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.   Grant a permanent injunction enjoining the DEFENDANTS, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.   Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.   Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANTS to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

### *COUNT VIII*
### *RELIGION DISCRIMINATION IN VIOLATION OF THE FCRA*

107. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

108. Plaintiff is a member of a protected class under the FCRA.

109. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's religion and subjected the Plaintiff to animosity based on her Baptist/Christian background.

110. Such discrimination was based upon the Plaintiff's religion in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Baptist/Christian.

111. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his religion was unlawful but acted in reckless disregard of the law.

112. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendant.

113.    Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

114.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

115.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

116.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

117.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits'

adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
### *Retaliation in Violation of the FCRA against*
### *ADAMS AND ASSOCIATES, INC.*
### *and ADAMS AND ASSOCIATES OF NEVADA, INC.*

118.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

119.    Plaintiff is a member of a protected class under the FCRA.

120.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

121.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's gender, national origin and religion was unlawful but acted in reckless disregard of the law.

122.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and

damage.

123.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

124.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C.  Require Defendant to place  Plaintiff to the position of full time Patrol Officer at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated _____ 10-14-19 _____       Respectfully submitted,

_____

**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 510-2018-06904 |

Florida Commission On Human Relations _____ and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Marie Renix | (786) 468-0010 | 1955 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1661 Ne 130th Street, North Miami Beach, FL 33182 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ADAMS AND ASSOCIATES INC | 500 or More | (305) 600-3110 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5150 NW 135th Street, Miami Gardens, FL 30056 | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☒ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11-01-2017    Latest: 10-12-2018

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified Baptist Female Haitian individual. I have worked for the Respondent since they took over managing my workplace in November 2017. During my employment, I have been subjected to discrimination based upon my religion, sex, and national origin. I have requested a religious accommodation, but my manager, Johnson Bernard, refused to consider this request, despite a lack of hardship. The Respondent granted a religious accommodation for Sunday off, in order to worship, for a similarly situated Male American co-worker. I spoke and emailed my manager and other members of management about my previous request and the disparate treatment that I was being subjected to. I also provided my manager with another individual who was willing to cover my shift. On September 28, 2018 my manager again denied my request.

I believe that I am being discriminated against based upon my religion, sex, and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Date: Oct 11, 2018    _signature_   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Filing # 98774257 E-Filed 11/12/2019 08:46:06 PM

## RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of MIAMI DADE | Circuit Court |

Case Number: 2019-015110-CA-01

Plaintiff:
**MARIE Y. RAVIX**

vs.

Defendant:
**ADAMS AND ASSOCIATES, INC. A FOREIGN PROFIT CORPORATION AND ADAMS AND
ASSOCIATES OF NEVADA, INC.**

For:
JASON REMER
Remer & Georges-Pierre, Pllc.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by Prestige Process Service on the 7th day of November, 2019 at 9:38 pm to be served on **ADAMS AND ASSOCIATES INC., THROUGH  ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Roy James Bates, do hereby affirm that on the **11th day of November, 2019 at 4:01 pm, I:**

served a **CORPORATION** by delivering a true copy of the **ALIAS SUMMONS AND AMENDED COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Donna Moch as Employee of CT Corp., As Registered Agent** for ADAMS AND ASSOCIATES INC.,, at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 52, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 145, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the foregoing document and the facts stated in it are true. No Notary required pursuant to F.S.92.525(2)

**Roy James Bates**
SPS 1383

**Prestige Process Service**
**17620 NE 2nd Court**
**North Miami Beach, FL 33162**

Our Job Serial Number: PPJ-2019004766

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

Filing # 98355208 E-Filed 11/04/2019 05:30:25 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

MARIE Y. RAVIX,

     Plaintiff,               CASE No.: 2019-015110-CA-01

v.

ADAMS AND ASSOCIATES, INC.
A Foreign Profit Corporation and
ADAMS AND ASSOCIATES OF NEVADA, INC.

     Defendant.

_____/

### ALIAS SUMMONS IN A CIVIL CASE

TO: ADAMS AND ASSOCIATES, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

YOU ARE HEREBY SUMMONED and Required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQUIRE
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FLORIDA 33130

an answer to the AMENDED complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

DATED on _____11/5/2019_____, 2019

     Harvey Ruvin,
     Clerk of Courts

CLERK

_____

(BY) DEPUTY CLERK

Filing # 98774262 E-Filed 11/12/2019 08:46:54 PM

## RETURN OF SERVICE

| State of Florida | County of MIAMI DADE | Circuit Court |
|---|---|---|

Case Number: 2019-015110-CA-01

Plaintiff:
**MARIE Y. RAVIX**

vs.

Defendant:
**ADAMS AND ASSOCIATES, INC. A FOREIGN PROFIT CORPORATION AND
ADAMS AND ASSOCIATES OF NEVADA, INC.**



PPJ2019004767

For:
JASON REMER
Remer & Georges-Pierre, Pllc.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by Prestige Process on the 7th day of November, 2019 at 12:10 pm to be served on **ADAMS AND ASSOCIATES OF NEVADA, INC., THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, Roy Bates, do hereby affirm that on the **11th day of November, 2019 at 4:01 pm, I:**

served a **CORPORATION** by delivering a true copy of the **ALIAS SUMMONS AND AMENDED COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Donna Moch as Employee of CT Corp., As Registered Agent for ADAMS AND ASSOCIATES OF NEVADA, INC.,** at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324,** and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
11/11/2019 5:33 pm  Assigned Type of Service: CORPORATE

I certify that I am over the age of 18, have no interest in the above action, and that I am a Special Process Server Appointed by the Sheriff, in good standing, in the judicial circuit in which the process was served. Under the perjury, I declare that I have read the foregoing document and the facts in it are true. NO NOTARY REQUIRED PURSUANT TO F.S.92.525(2)

*ROY J BATES*

**Roy Bates**
SPS # 1383

**Prestige Process
P.O Box 613634
Miami, FL 33261
(305) 490-4346**

Our Job Serial Number: PPJ-2019004767

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1g

Filing # 98355208 E-Filed 11/04/2019 05:30:25 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

MARIE Y. RAVIX,

       Plaintiff,               CASE No.: 2019-015110-CA-01

v.

ADAMS AND ASSOCIATES, INC.
A Foreign Profit Corporation and
ADAMS AND ASSOCIATES OF NEVADA, INC.

       Defendant.

_____/

### ALIAS SUMMONS IN A CIVIL CASE

TO: ADAMS AND ASSOCIATES OF NEVADA, INC., through its Registered Agent

CT CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FLORIDA 33324

YOU ARE HEREBY SUMMONED and Required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQUIRE
REMER & GEORGES-PIERRE, PLLC
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FLORIDA 33130

an answer to the AMENDED complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement
by default will be taken against you for the relief demanded in the complaint. You must also file
your answer with the Clerk of this Court within a reasonable period of time after service.

          11/5/2019
DATED on _____, 2019
  Harvey Ruvin,
  Clerk of Courts

CLERK

_____
(BY) DEPUTY CLERK

Filing # 99570408 E-Filed 11/27/2019 03:30:35 PM

IN THE CIRCUIT COURT OF THE
11th JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-015110-CA-01

MARIE Y. RAVIX,

      **Plaintiff,**

v.

ADAMS AND ASSOCIATES, INC.
and ADAMS AND ASSOCIATES
OF NEVADA, INC.,

      **Defendants.**
_____/

## DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, ADAMS AND ASSOCIATES, INC. and ADAMS AND ASSOCIATES OF NEVADA, INC. ("Defendants"), hereby move this Court for an extension of time, up to and including Monday, December 16, 2019, within which to file their response to the Amended Complaint filed by Plaintiff, MARIE Y. RAVIX ("Plaintiff"), and state as follows:

1.      On or about November 4, 2019 Plaintiff filed an Amended Complaint against Defendants.

2.      Defendants were served with the Amended Complaint on November 11, 2019. As a result, absent an extension of time, Defendants' response is due on or before Monday, December 2, 2019.

3.      Defendants are still in the process of reviewing the pleadings and investigating Plaintiff's claims.

4.      Accordingly, Defendants respectfully request an extension of time, up to and including Monday, December 16, 2019, within which to file their response to Plaintiff's Amended Complaint.

5.      On November 25, 2019, counsel for Defendants contacted counsel for Plaintiff to determine whether he would agree to the requested extension of time.  Plaintiff's counsel agreed to the requested extension.

6.      Defendants do not seek the requested extension for purposes of unnecessary delay in this case and no prejudice will result from the granting of the requested extension.

WHEREFORE, Defendants, ADAMS AND ASSOCIATES, INC. and ADAMS AND ASSOCIATES OF NEVADA, INC., respectfully request that this Court grant an extension of time, up to and including Monday, December 16, 2019, within which to file their response to the Amended Complaint filed by the Plaintiff, MARIE Y. RAVIX, along with such other relief as this Court deems just and proper.

Dated this 27th day of November, 2019          Respectfully submitted,

By:     /s/ *Stella S. Chu*
        Sherril M. Colombo, Esq.
        Florida Bar No.: 948799
        E-mail: scolombo@littler.com
        Secondary: kljackson@littler.com
        Stella Chu, Esq.
        Florida Bar No. 60519
        E-mail:  sschu@littler.com
        LITTLER MENDELSON, P.C.
        Wells Fargo Center
        333 SE 2nd Avenue, Suite 2700
        Miami, FL 33131
        Telephone: (305) 400-7530
        Facsimile:  (305) 603-2552
        *COUNSEL FOR DEFENDANTS,*
        *ADAMS AND ASSOCIATES, INC.*
        *and ADAMS AND ASSOCIATES OF*
        *NEVADA, INC.*

2

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 27th day of November, 2019, filed a true and correct

copy of the foregoing document with the Clerk of the Court via the Florida Courts E-Filing Portal

and a true and correct copy of the foregoing document was served on all counsel of record or pro

se identified on the Service List via the Florida Courts E-Filing Portal.

<u>/s/ *Stella S. Chu*</u>
Stella S. Chu, Esq.

## <u>SERVICE LIST</u>

| *ATTORNEYS FOR PLAINTIFF* | *ATTORNEYS FOR DEFENDANTS* |
|---|---|
| Jason S. Remer, Esq. | Sherril M. Colombo, Esq. |
| Florida Bar No.: 165580 | Florida Bar No.: 948799 |
| Email:  jremer@rgpattorneys.com | E-mail:  scolombo@littler.com |
| REMER & GEORGES-PIERRE, PLLC | Secondary: kljackson@littler.com |
| 44 West Flagler Street, Suite 2200 | Stella Chu, Esq. |
| Miami, FL  33130 | Florida Bar No. 60519 |
| Telephone: (305) 416-5000 | E-mail:  sschu@littler.com |
| Facsimile:  (305) 416-5005 | LITTLER MENDELSON, P.C. |
| | Wells Fargo Center |
| | 333 SE 2nd Avenue, Suite 2700 |
| | Miami, FL  33131 |
| | Telephone: (305) 400-7500 |
| | Facsimile:  (305) 603-2552 |

4815-9143-3134.1 026022.1000

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2019-015110-CA-01

MARIE Y. RAVIX,

       Plaintiff,

v.

ADAMS AND ASSOCIATES, INC. and
ADAMS AND ASSOCIATES OF NEVADA, INC.,

       Defendants.

_____/

### ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

THIS CAUSE having come before this Court upon the Unopposed Motion of the Defendants, ADAMS AND ASSOCIATES, INC. and ADAMS AND ASSOCIATES OF NEVADA, INC., for an extension of time within which to file their response to the Amended Complaint filed by Plaintiff, MARIE Y. RAVIX. The Court, having considered the Motion, and being fully advised in the premises, hereby

ORDERS AND ADJUDGES that Defendants' Unopposed Motion for Extension is GRANTED. Defendants shall respond to the Complaint on or before Monday, December 16, 2019.

DONE and ORDERED in Miami, Florida on this _____ day of _____ 2019.

                                  _____
                                  HONORABLE ALAN FINE
                                  CIRCUIT COURT JUDGE

Copies to: All counsel of record

4853-1564-7406.1 026022.1000

Filing # 99593075 E-Filed 11/29/2019 07:40:43 AM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2019-015110-CA-01
SECTION: CA02
JUDGE: Alan Fine

**MARIE Y RAVIX**

Plaintiff(s)

vs.

**ADAMS AND ASSOCIATES, INC et al**

Defendant(s)

_____/

<u>**ORDER EXTENDING TIME TO RESPOND TO PLAINTIFF'S AMENDED
COMPLAINT**</u>

THIS CAUSE having come before this Court upon the Unopposed Motion of the

Defendants, ADAMS AND ASSOCIATES, INC. and ADAMS AND ASSOCIATES OF

NEVADA, INC., for an extension of time within which to file their response to the Amended

Complaint filed by Plaintiff, MARIE Y. RAVIX.  The Court, having considered the Motion, and

being fully advised in the premises, hereby

ORDERS AND ADJUDGES that Defendants' Unopposed Motion for Extension is

GRANTED. Defendants shall respond to the Complaint on or before Monday, December 16,

2019.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>29th day of November, 2019</u>.

<u>2019-015110-CA-01 11-29-2019 7:39 AM</u>
Hon. Alan Fine

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Copies Furnished To:**
Jason S Remer , Email : pn@rgpattorneys.com
Jason S Remer , Email : jremer@rgpattorneys.com
Jason S Remer , Email : ng@rgpattorneys.com
Sherril M Colombo , Email : KLJackson@littler.com
Sherril M Colombo , Email : scolombo@littler.com
Stella Si-Ping Chu , Email : sschu@littler.com
Stella Si-Ping Chu , Email : KLJackson@littler.com